**Richard Root COVER**

v.

**The UNITED STATES.**

**No. 41–59.**

United States Court of Claims.

Feb. 18, 1966.

Robert S. Caviness, Washington, D. C., for plaintiff, Francis P. Noonan, Washington, D. C., attorney of record.

Sheldon J. Wolfe, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

COLLINS, Judge.

In June 1956, the Department of the Army awarded to plaintiff a contract for the installation of heating and lighting systems in four maintenance shops.[1] Plaintiff's bid was the only one submitted. After the contract had been awarded, plaintiff discovered that, in computing his bid, he had overlooked the item of ceilings. The Government insisted that plaintiff install the ceilings, and ultimately he did so.[2]

After the work had been completed, plaintiff submitted to the contracting officer a claim for $4,039.79 which, according to plaintiff, represented the cost of installing the ceilings and the insulation. Plaintiff's request for additional payment was forwarded to the General Accounting Office. The GAO accepted the recommendation of the contracting officer that plaintiff's claim be allowed to the extent of $1,865.60, and this amount was paid to him.

In the present action, plaintiff asserts that the disputed work cost $3,549.50. He seeks to recover $1,683.90, the difference between his alleged costs and the amount received from the GAO. We conclude, for reasons to be explained, that plaintiff's claim must be denied.

Plaintiff asserts that the error in his bid was due partly to his negligence and partly to negligence on the part of the Government. Therefore, according to plaintiff, he is entitled to recover the cost of installing the ceilings and the insulation. It is plaintiff's position that he received from the Government an incomplete set of specifications; i. e., that the last two pages, the ones which pertained

1. Actually, the contract was awarded to Commonwealth Engineering Company, the sole owner of which is plaintiff Cover.

2. Ceilings were installed in three of the buildings. In the fourth, which was a quonset building, plaintiff installed insulating material rather than a ceiling.

to ceilings, had been omitted. Although defendant suggests that it was plaintiff who mislaid the last two pages, we can accept, as did Commissioner Day, the view of plaintiff regarding this matter.

The crucial fact is that, even without the pertinent sections of the specifications, the contract clearly indicated that ceilings were required. First, one of the contract drawings included detailed illustrations of ceiling components. This drawing in itself should have made obvious to plaintiff the fact that installation of ceilings was required.[3] Secondly, the section entitled "Work To Be Done" expressly called for "installation of ceilings." (See finding 7, infra.) In view of these provisions, there is no basis for attributing to the Government any part of the responsibility for plaintiff's error in bidding. We find that, under the facts of this case, plaintiff himself must bear full responsibility.[4] Cf. Russell & Pugh Lumber Co. v. United States, 290 F.2d 938, 154 Ct.Cl. 122, 127 (1961).

The General Accounting Office, which determined that plaintiff was entitled to some reimbursement, paid to him an amount which the GAO and the contracting officer considered to be a reasonable approximation of plaintiff's additional costs. Under the circumstances, this adjustment was certainly fair, and the fact that plaintiff received it is an additional reason for denying his claim for further compensation.

We hold that plaintiff is not entitled to recover. The petition is dismissed.

3. As defendant points out, the contract contained the following provision:
"  *   *   * Anything mentioned in the specifications and not shown on the drawings, or shown on the drawings and not mentioned in the specifications, shall be of like effect as if shown or mentioned in both.  *   *   *  *"

4. The present case differs materially from Virginia Eng'r Co. v. United States, 101 Ct.Cl. 516 (1944), and Shepard v. United States, 95 Ct.Cl. 407 (1942). As plaintiff asserts, these cases stand for the general proposition that, when a misunderstanding results from carelessness by both parties to a contract, neither should benefit at the expense of the other. For the reasons indicated above, this rule is inapplicable to the present case.